UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENTON R. WHITE,
        Petitioner,              2:09-cv-00400-KJD-LRL

vs.                                  **ORDER**

DWIGHT NEVEN, *et al.*,
        Respondents.

       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss portions of the petition. (Docket #16). Also before the Court is petitioner's motion for declaratory relief (Docket #21) and petitioner's motion for appointment of counsel (Docket #27).

**I. Procedural History**

       On August 5, 2005, a judgment of conviction was entered, adjudging petitioner guilty of the following: resisting a public officer; discharging a firearm at or into a structure, vehicle, aircraft, or watercraft; attempted robbery with the use of a deadly weapon; first degree kidnapping with the use of a deadly weapon; assault with a deadly weapon; coercion with the use of a deadly

weapon; and battery with the use of a deadly weapon. (Exhibit 30).[1]  Pursuant to the judgment of conviction, petitioner was sentenced as follows:

| | | |
|---|---|---|
| Count I: | 6 months in the Clark County Detention Center |
| Count II: | 24-60 months in the Nevada Department of Corrections (NDOC), to run concurrent with Count I |
| Count III: | 36-96 months, plus an equal and consecutive term of 36-96 months for the use of a deadly weapon |
| Count IV: | life with the possibility of parole after 60 months, plus an equal and consecutive term of life with the possibility of parole after 60 months for the use of a deadly weapon |
| Count V: | 24-60 months to run concurrent with Count IV |
| Count VI: | 24-60 months to run concurrent with Count V, and $1,245.00 in restitution |
| Count VII: | 36-96 months to run concurrent with Count VI, with 179 days credit for time served |

(Exhibit 30).

Petitioner filed his direct appeal on August 29, 2005. (Exhibit 31). On March 27, 2007, the Nevada Supreme Court affirmed petitioner's conviction. (Exhibit 44). Remittitur was issued on May 1, 2007. (Exhibit 45).

Petitioner filed a state habeas petition on July 6, 2007. (Exhibit 46). The state district court entered findings of fact, conclusions of law, and order denying the petition on April 1, 2008. (Exhibit 63). Petitioner appealed the denial of his state habeas petition. (Exhibit 60). By order entered November 21, 2008, the Nevada Supreme Court affirmed the denial of the state petition. (Exhibit 66). Remittitur was issued on December 16, 2008. (Exhibit 67).

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #17-19.

On January 28, 2009, petitioner submitted his federal habeas petition to this Court. (Petition, Docket #1-1, at p. 1; Docket #6). The federal petition asserts fifteen grounds for habeas relief, with many grounds having several sub-claims. (Docket #6).

**II. Discussion**

  **A. Petitioner's Motion for Appointment of Counsel (Docket #27)**

  Petitioner has filed a motion for the appointment of counsel. (Docket #27). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel is appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

  The petition on file in this action is well-written, organized, and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex or difficult. It does not appear that counsel is justified in this instance. The motion shall be denied.

  **B. Petitioner's Motion for Declaratory Relief (Docket #21)**

  On December 22, 2009, petitioner filed a motion for declaratory relief, in which he argues that respondents failed to comply with the Court's order to file a response to the petition. (Docket #21). By order filed November 16, 2009, the Court granted respondents' motion for a second extension of time to file the responsive pleading to the petition. (Docket #13). The motion to dismiss was filed on December 14, 2009. (Docket #16). Respondents complied with the orders of this Court, and there is no basis for petitioner's motion for declaratory relief. As such, the motion is denied.

**C. Respondents' Motion to Dismiss (Docket #16)**

    **1. Duplicate Claims**

        **a. Ground Eight**

In Ground Eight, petitioner alleges that the trial court erred by issuing jury instructions 10 and 12. (Docket #6, at p. 54). In Ground Three, petitioner made the same claims regarding jury instructions 10 and 12. (*Id.*, at p. 20). As petitioner has presented the same claims based on the same legal theories and facts, the Court shall dismiss the portion of Ground Eight that concerns jury instructions 10 and 12.

        **b. Ground Nine**

In Ground Nine, petitioner argues that two separate *Brady* violations occurred. First, that the prosecution failed to provide the defense with fingerprint evidence. Second, that the prosecution failed to provide the defense with transcripts of statements given by Francisco Guadalupe and Denton White. (Docket #6, at p. 58). Petitioner made identical claims in Ground Three. (Docket #6, at pp. 3-5). As such, the entirety of Ground Nine shall be dismissed as duplicative.

        **c. Ground Eleven**

In Ground Eleven, petitioner alleges that the trial court abused its discretion by allowing "testimony of a [sic] uncharged co-conspirator to be heard through Detective Collins." (Docket #6, at p. 65). An identical claim was made in Ground Two of the petition. (*Id.*, at pp. 9-11). Also in Ground Eleven, petitioner alleges that the trial court abused its discretion in denying his motion to dismiss the first degree kidnapping charges. (*Id.*, at p. 65). Petitioner makes this same argument in Ground Three of the petition. (*Id.*, at p. 23). The duplicate claims of Ground Eleven shall be dismissed.

/ / / / /

/ / / / /

### d. Ground Twelve

In Ground Twelve, petitioner alleges that he was tried in violation of the Double Jeopardy Clause. (Docket #6, at p. 69).  The same legal theory and operative facts are presented in Ground Four of the federal petition. (*Id.*, at p. 25).  Ground Twelve shall be dismissed in its entirety, as it is a duplicate claim.

### e. Ground Fourteen

In Ground Fourteen, petitioner alleges that his conviction should be overturned due to cumulative error. (Docket #6, at p. 75).  Petitioner presents the same claim in Ground Seven of the federal petition. (*Id.*, at p. 52).  Ground Fourteen shall be dismissed in its entirety, as it is a duplicate claim.

### 2. Procedurally Barred Claims

Respondents contend that Grounds Ten and Eleven of the petition were procedurally defaulted in state court.

### a. Procedural Default Principles

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

> The *Coleman* Court stated the effect of a procedural default, as follows:
> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

5

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.  *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears: the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

### b. Claims Procedurally Defaulted in State Court on Independent and Adequate State Grounds

Grounds Eight through Fifteen of the federal petition are the same as Grounds One through Eight of the state habeas petition.  (Docket #6 and Exhibit 46).  With respect to certain of these claims, the Nevada Supreme Court ruled as follows:

> In his petition, appellant contended that: (1) the district court erred in giving Jury Instructions Nos. 22, 23, 28, and 30; (2) the district court erred in "restructuring" the indictment; and (3) the prosecution committed misconduct by commenting on his post-arrest silence, eliciting testimony of his prior arrest, vouching for the victim's credibility, attacking the moral credibility of defense witnesses, asking a witness if he received any information pointing to the defendant's innocence, and improperly characterizing the reasonable doubt jury instruction. These claims could have been raised on direct appeal and appellant failed to demonstrate good cause for his failure to do so. [Footnote 2: NRS 34.810(1)(b)]. Therefore, the district court did not err in denying these claims.

(Exhibit 66, at p. 2). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Ground Ten of the federal habeas petition reiterates the allegations of prosecutorial misconduct previously asserted in the state habeas petition. (Docket #6, at pp. 61-64; Exhibit 46, at pp. 9-9b). The entirety of the allegations in Ground Ten of the federal petition were procedurally defaulted in state court and shall be dismissed from this action.

In Ground Eleven of the federal habeas petition, petitioner alleges that the trial court abused its discretion by "restructuring" the charge of resisting a public officer with the use a deadly weapon to simply resisting a public officer. (Docket #6, at p.66). In Ground Eleven, petitioner also alleges that the trial court abused its discretion by giving jury instructions 22 and 28. (Docket #6, at p. 66). These claims were procedurally defaulted in state court and shall be dismissed from this action.

### c. Cause and Prejudice

Petitioner has not addressed the issue of procedural default and has not asserted any reason for his failure to properly raise this claim on direct appeal. Neither the petition itself, nor petitioner's other filings address the procedural default of Ground Five or asserts any argument of cause and prejudice to excuse the procedural default.

7

1    This Court finds that the entirety of Ground Ten and portions of Ground Eleven of the
2 federal petition were procedurally defaulted in state court. As such, those portions of the federal
3 petition are barred from review by this Court, and will be dismissed.

### 3. Conclusory Claims

5    In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of
6 violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v.*
7 *Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v.*
8 *Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are
9 subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### a. Ground Twelve: Sixth and Eighth Amendment Claims

11   In Ground Twelve, petitioner asserts that he was subjected to double jeopardy in
12 violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Petitioner has failed to
13 allege any facts that could lead the court to conclude that his Sixth Amendment rights to a fair trial
14 were violated. This claim is dismissed as conclusory.

15   Also in Ground Twelve, petitioner fails to state a claim for violation of the Eighth
16 Amendment. Petitioner has failed to plead facts to demonstrate that he was subjected to excessive
17 bail, excessive fines, or subjected to cruel and unusual punishment. This claim is dismissed as
18 conclusory.

### b. Ground Thirteen

20   In Ground Thirteen, petitioner alleges ineffective assistance of pretrial and trial
21 counsel in violation of his Sixth, Thirteenth, and Fourteenth Amendment rights. (Docket #6, at p.
22 71). Petitioner has alleged no facts sufficient to demonstrate a violation of his Thirteenth
23 Amendment rights. The claim will be dismissed as conclusory.

24 / / / / /
25 / / / / /
26

### III.  Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (Docket #27) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for declaratory relief (Docket #21) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (Docket #16) is **GRANTED**, as follows:

1. The portion of Ground Eight that concerns jury instructions 10 and 12 is dismissed as duplicative.

2. Ground Nine, in its entirety, is dismissed as duplicative.

3. As to Ground Eleven, the following portions are dismissed as duplicative: (1) petitioner's claim that the trial court abused its discretion by allowing testimony of a uncharged co-conspirator to be heard through Detective Collins; and (2) petitioner's claim that the trial court abused its discretion in denying his motion to dismiss the first degree kidnapping charges.

4. Ground Twelve, in its entirety, is dismissed as duplicative.

5. Ground Fourteen, in its entirety, is dismissed as duplicative.

6. Ground Ten, in its entirety, is dismissed as procedurally defaulted in state court.

7. As to Ground Eleven of the federal habeas petition, the following claims are dismissed as procedurally defaulted in state court: (1) petitioner's claim that the trial court abused its discretion by "restructuring" the charge of resisting a public officer with the use a deadly weapon to simply resisting a public officer; and (2) petitioner's claim that the trial court abused its discretion by giving jury instructions 22 and 28.

8. As to Ground Twelve, petitioner's Sixth Amendment claim is dismissed as conclusory.

1    9. As to Ground Twelve, petitioner's Eight Amendment claim is dismissed as
2 conclusory.
3    10. As to Ground Thirteen, petitioner's Thirteenth Amendment claim is dismissed as
4 conclusory.
5    **IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the
6 remaining grounds of the petition within **forty-five (45) days** from the date of entry of this order.
7 The answer shall include all procedural arguments and arguments on the merits, as to each remaining
8 claim in the petition.  **No further motions to dismiss will be entertained**.  In filing the answer,
9 respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
10 United States District Courts under 28 U.S.C. §2254.
11    **IT IS FURTHER ORDERED** that petitioner's reply to the answer **SHALL BE**
12 **FILED** no later than **forty-five (45) days** after being served with the answer.

   DATED: June 3, 2010

                  _____
                   UNITED STATES DISTRICT JUDGE